# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRITTANY RICHMOND,

    *Plaintiff,*

vs.

    Case No. 2:19-cv-02464-EFM-TJJ

WORCESTER INVESTMENTS, LLC,
d/b/a WORCESTER COMMUNITIES,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Brittany Richmond has brought multiple discrimination and retaliation claims against Defendant Worcester Investments, LLC ("Worchester"). Worchester has filed a Motion to Dismiss Richmond's Title VII retaliation claim pursuant to Rule 12(b)(6) and to award costs and fees incurred to Worchester (Doc. 10), arguing that Richmond has failed to exhaust her administrative remedies. For the reasons given below, the Court grants the motion to dismiss.

### I.  Factual and Procedural Background[1]

Richmond worked for Worchester beginning April 10, 2017. Richmond is half African-American and half Caucasian. On several occasions between October 2017 and June 2018, Richmond's manager told her she did not like it when Richmond's hairstyle made her look black.

---

[1] The facts come from Richmond's EEOC charge and her complaint to this court. They are considered true for the purposes of this order.

Upon Richmond's promotion, her manager refused to train her in the new position, even though the manager trained Richmond's Caucasian coworkers. At least one of Richmond's Caucasian coworkers received a larger bonus than Richmond. On July 16, 2018, Richmond went on medical absence due to bronchitis, receiving a doctor's note that excused her from work until July 20. Richmond then received a write-up (her first) that constituted a final warning, which offered several reasons for the disciplinary action. At some point, Richmond made "good faith complaints" to her employer about discriminatory and retaliatory treatment.[2]

On July 31, Richmond submitted a charge online with the Equal Employment Opportunity Commission ("EEOC") against Worchester alleging discrimination. The charge's form had several boxes which people could check to assert the reasons for their employer's discrimination. Richmond did not check the box indicating her claim involved retaliation. In the text of her charge, Richmond mentioned Worchester's discriminatory treatment without mentioning her complaints to her employer or any retaliatory motive for Worchester's actions. She solely claimed that Worchester discriminated against her because of her race. On August 8, Worchester fired Richmond. On August 9, Richmond amended, signed, and filed her charge with the EEOC.

After receiving a notice of her right to sue from the EEOC, Richmond brought an action against Worchester on multiple counts: discrimination and retaliation under 42 U.S.C. § 1981, race discrimination and retaliation under Title VII, interference and retaliation under the Family Medical Leave Act, and violation of the Kansas Act Against Discrimination. Worchester subsequently brought a motion to dismiss Richmond's Title VII retaliation claim, contending that

---

[2] Doc. 1, at 11.

Richmond had not exhausted her administrative remedies by failing to include retaliation in her EEOC charge.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### III.   Analysis

Worchester argues that Richmond has not exhausted administrative remedies for her Title VII retaliation claim by not including retaliation or facts showing retaliation in the EEOC charge. Under Title VII, employers may not retaliate against employees who "opposed any practice made an unlawful employment practice by this subchapter, or . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[10] "To bring a Title VII claim, a plaintiff must file a charge of discrimination with either the EEOC or an authorized state or local agency and receive a right to sue letter."[11]

Even though failure to exhaust administrative remedies is no longer a jurisdictional defect, it is an affirmative defense that can form the basis for a 12(b)(6) motion if the "grounds for the defense appear on the face of the complaint."[12] Additionally, when the parties do not dispute the authenticity of "documents referred to in and central to the complaint," a court may consider such documents in ruling on a 12(b)(6) motion.[13]

The twofold purpose of requiring aggrieved parties to file EEOC charges is to give employers notice of the "claims being brought against them" and to give "the EEOC the opportunity to conciliate the claims."[14] Therefore, "the charge must contain facts concerning the

---

[10] 42 U.S.C. § 2000e-3(a).

[11] *Brown v. Keystone Learning Servs.*, 804 F. App'x 873, 882 (10th Cir. 2020).

[12] *Cirocco v. McMahon*, 768 Fed. App'x 854, 857-58 (10th Cir. 2019); *see Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) ("In most cases…this distinction between a jurisdictional requirement and an affirmative defense is immaterial.").

[13] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).

[14] *Dunmars v. Ford Cty., Kansas Bd. of Commissioners*, 2019 WL 3817958, at *3 (D. Kan. 2019).

discriminatory and retaliatory actions underlying each claim."[15]  Courts must then determine "whether 'the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made.' "[16]

While not dispositive, "failure to mark a particular box [in an EEOC charge] creates a presumption that the charging party is not asserting claims represented by that box."[17]  Courts have found that presumption is rebuttable "if the text of the charge clearly sets forth the basis of the claim."[18]  Therefore, the text must include "[e]ach discrete instance of discriminatory treatment . . . in the administrative charge.[19]  To illustrate, in *Dunmars*, the plaintiff failed to check the retaliation box on his EEOC charge.[20]  However, the plaintiff explicitly alleged that the defendant "had retaliated against him for 'having openly opposed [discriminatory] acts and practices.' "[21]  Because the text of his EEOC charge rebutted the presumption caused by his failure to check the retaliation box on the charge, the court held that he successfully exhausted his administrative remedies.[22]

Here, neither party disputes the authenticity of Richmond's charge filed with the EEOC. Therefore, this court may consider the charge in ruling on Worchester's motion to dismiss.  Even

---

[15] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[16] *Smith*, 904 F.3d at 1164 (quotations and citation omitted).

[17] *Jones*, 502 F.3d at 1186.

[18] *Id.*

[19] *Dunmars*, 2019 WL 3817958, at *3.

[20] *See Id.*

[21] *Id.* (citation omitted).

[22] *Id.* at *4.

construing the EEOC charge liberally, Richmond failed to incorporate her retaliation claim within it.  By failing to check the retaliation box on the EEOC charge, the court will presume that Richmond did not assert that claim.  Unlike the plaintiff in *Dunmars*, Richmond fails to rebut that presumption by discussing her retaliation claim in the narrative portion of the EEOC charge.  Instead, Richmond offers up an alternative explanation for their mistreatment of her—racial discrimination.  Accordingly, the Court has no reason to conclude that the scope of an EEOC investigation based on Richmond's EEOC charge would include investigating any sort of retaliation.  Therefore, Richmond's EEOC charge does not incorporate her Title VII retaliatory claim.

In sum, Richmond is attempting to bring a retaliation claim without having exhausted her administrative remedies.  The Court therefore grants Worchester's Motion to Dismiss.  However, Worchester neither cites authority nor gives any reason as to why the Court should award it costs and fees, nor does the Court find any reasons to do so. Therefore, the Court declines to award costs and fees incurred to Worchester.

**IT IS THEREFORE ORDERED** that Worchester's Motion to Dismiss for Failure to State a Claim (Partial Dismissal) (Doc. 10) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE